**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

PAUL ARAGON,

    Plaintiff,

v.

                                                                       Case 2:23-cv-00674-MIS-KRS

JANEMARIE VANDER DUSSEN,
CURRY COUNTY, and
ADMINISTRATIVE OFFICE OF
THE COURTS,

    Defendants.

**ORDER GRANTING DEFENDANT BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF CURRY'S MOTION TO DISMISS, GRANTING DEFENDANT ADMINISTRATIVE OFFICE OF THE COURTS' MOTION TO DISMISS, AND ORDER TO SHOW CAUSE**

THIS MATTER is before the Court on Defendant Board of County Commissioners of the County of Curry's Motion to Dismiss, ECF No. 13, filed September 19, 2023. Plaintiff Paul Aragon did not file a Response.

Also before the Court is Defendant Administrative Office of the Court's Motion to Dismiss Plaintiff's First Amended Complaint, ECF No. 14, filed September 19, 2023. Plaintiff filed a Response on October 3, 2023, ECF No. 26, to which the Administrative Office of the Courts filed an untimely Reply, ECF No. 30.

Upon due consideration of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** the Motions.

I.  **Background**[1]

On January 19, 2021, Plaintiff pled guilty to a misdemeanor charge before Defendant Janemarie Vander Dussen, who is the Division One Magistrate Court Judge of Curry County, New Mexico.  ECF No. 10 ¶¶ 2, 7.  Judge Vander Dussen sentenced Plaintiff to 364 days of supervised probation, beginning January 19, 2021.  Id. ¶ 8.

Plaintiff apparently violated the terms of his probation, and on May 28, 2021, the court issued a bench warrant for Plaintiff's arrest.  Id. ¶ 9.  On October 28, 2022, the warrant was served on Plaintiff, and he was held without bond.  Id. ¶ 10.

Prior to the probation violation hearing, Plaintiff's attorney and Plaintiff's probation officer reached an agreement that Plaintiff would be unsatisfactorily discharged from probation and released from custody.  Id. ¶ 12.  At the November 15, 2022, probation violation hearing, Judge Vander Dussen "refused to honor this agreement and did not discharge" Plaintiff.  Id. ¶ 13.  Judge Vander Dussen "took no testimony on the probation violations, and heard no facts necessary to establish Petitioner's absconder status – i.e. facts regarding the issuance of a warrant or any attempts to serve such warrant."  Id. ¶ 14.  Ultimately, Judge Vander Dussen sentenced Plaintiff to an additional 26 days of incarceration, but later modified it to 21 days.  Id. ¶ 15.  Plaintiff was released on December 6, 2022.  Id.

On September 5, 2023, Plaintiff filed the operative First Amended Complaint against Judge Vander Dussen, the Board of County Commissioners of the County of Curry ("the County"), and the Administrative Office of the Court ("AOC").  ECF No. 10.  Count One asserts a claim against Judge Vander Dussen for false imprisonment.  Id. ¶¶ 16-20.  Count Two appears to allege that all

---

[1]  The Court accepts the truth of all well-pleaded factual allegations in Plaintiff's Amended Complaint and draws all reasonable inferences in Plaintiff's favor.

2

three Defendants violated Plaintiff's rights to due process under the Fifth and Fourteenth Amendments to the U.S. Constitution, and Article II, Section 18 of the New Mexico Constitution. Id. ¶¶ 21-24. Count Three alleges a claim for "Respondeat Superior" against the County and the AOC.

On September 19, 2023, the County filed the instant Motion to Dismiss pursuant to Rule 12(b)(6). ECF No. 13. On October 3, 2023, Plaintiff filed a Stipulated Extension of Time to Respond to the County's Motion to Dismiss, extending the deadline for Plaintiff to file his Response to the County's Motion to October 10, 2023. ECF No. 25. To date, Plaintiff has not filed a Response, and the deadline to do so has passed.[2]

Also on September 19, 2023, the AOC filed the instant Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Rule 12(b)(6). ECF No. 14. On October 3, 2023, Plaintiff filed a Response, ECF No. 26, to which the AOC filed an untimely Reply without leave of the Court, ECF No. 30. Therefore, the Court will disregard the AOC's Reply.

**II.    Legal Standards**

Although the County and the AOC move to dismiss for failure to state a claim, the AOC also asserts the defense of sovereign immunity to Plaintiff's state law claims. ECF No. 14 at 5. "The defense of sovereign immunity is jurisdictional in nature, depriving courts of subject-matter jurisdiction where applicable." Normandy Apartments, Ltd. v. U.S. Dep't of Hous. & Urban Dev., 554 F.3d 1290, 1295 (10th Cir. 2009). Therefore, the Court considers the immunity argument

---

[2] Under the Local Rules, "[f]ailure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR–Civ. 7.1(b). However, the court cannot grant a motion to dismiss or a motion for summary judgment based solely on a plaintiff's failure to respond and must consider the merits of the motion. See Issa v. Comp USA, 354 F.3d 1174, 1177–78 (10th Cir. 2003) ("[E]ven if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted.").

under Rule 12(b)(1).  See Ruiz v. McDonnell, 299 F.3d 1173, 1180–82 (10th Cir. 2002) (analyzing whether defendant was entitled to sovereign immunity under Rule 12(b)(1), but analyzing whether defendant constituted a "person" within the meaning of § 1983 under Rule 12(b)(6)); Davis v. California, No. 17-2125-JAR-JPO, 2017 WL 4758928, at *1 (D. Kan. Oct. 20, 2017) (construing Rule 12(b)(6) motion seeking dismissal based on sovereign immunity as a Rule 12(b)(1) motion); Hibben v. Okla. ex rel. Dep't of Veterans Affs., No. 16-cv-111-TLW, 2017 WL 1239146, at *4 (N.D. Okla. Mar. 31, 2017) (explaining that although defendants cited Rule 12(b)(6) in their motion, sovereign immunity is a "jurisdictional bar," and plaintiff's claim "should be dismissed regardless of whether it is based on Rule 12(b)(1) or Rule 12(b)(6)").

The AOC also asserts a defense of absolute judicial immunity, which is analyzed under Rule 12(b)(6).  See Guiden v. Morrow, 92 F. App'x 663, 666 n.10 (10th Cir. 2004) (citing Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999) for the principle that an "absolute immunity defense may be raised in [a] Rule 12(b)(6) motion if the allegations of the complaint disclose activities protected by absolute immunity")).

> [A]s then-Judge Ketanji Brown Jackson has explained, "[a]lthough the doctrines of absolute judicial immunity and sovereign immunity both lead to the same result, these two grounds for dismissal have different bases under the federal rules," because "[s]overeign immunity strips the court of jurisdiction and thus renders dismissal appropriate under Rule 12(b)(1)," while "[b]y contrast, absolute judicial immunity is a non-jurisdictional bar to a claim asserted against a federal judge stemming from official judicial acts and is thus subject to dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted."

Wang v. Delphin-Rittmon, __ F. Supp. 3d __, 2023 WL 2624351, at *7 (D. Conn. 2023) (quoting Smith v. Scalia, 44 F. Supp. 3d 28, 40 n.10 (D.D.C. 2014), aff'd, 2015 WL 13710107 (D.C. Cir. 2015)).  See also Rios v. Third Precinct Bay Shore, No. 08–CV–4641 (JFB)(ETB), 2009 WL 2601303, at *1 (E.D.N.Y. Aug. 20, 2009) ("Motions to dismiss on grounds of . . . absolute judicial

4

immunity[] are properly analyzed under Rule 12(b) (6), rather than Rule 12(b)(1), of the Federal Rules of Civil Procedure.").

### A. Rule 12(b)(1): Lack of Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress." Henry v. Off. of Thrift Supervision, 43 F.3d 507, 511 (10th Cir. 1994). "[T]he party invoking federal jurisdiction," generally the plaintiff, "bears the burden of establishing its existence." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 104 (1998). Rule 12(b)(1) allows defendants to raise the defense of the court's "lack of subject-matter jurisdiction" by motion. Fed. R. Civ. P. 12(b)(1).

Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction "generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." Ruiz v. McDonnell, 299 F .3d 1173, 1180 (10th Cir. 2002). Here, the AOC makes a facial attack on the sufficiency of the allegations contained in the Amended Complaint. A facial attack "questions the sufficiency of the complaint," and when "reviewing a facial attack . . . a district court must accept the allegations in the complaint as true." Holt v. United States, 46 F.3d 1000, 1002 (10th Cir. 1995) abrogated on other grounds by Cent. Green Co. v. United States, 531 U.S. 425, 437 (2001).

### B. Rule 12(b)(6): Failure to State a Claim

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move for dismissal if a complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as

true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This pleading standard does not impose a probability requirement, but it demands "more than a sheer possibility that a defendant has acted unlawfully." Id. Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. Twombly, 550 U.S. at 555. Although the court must accept the truth of all properly alleged facts and draw all reasonable inferences in the plaintiff's favor, the plaintiff still "must nudge the claim across the line from conceivable or speculative to plausible." Brooks v. Mentor Worldwide LLC, 985 F.3d 1272, 1281 (10th Cir. 2021).

### III.   Discussion

The County and the AOC move to dismiss Counts Two and Three of the Amended Complaint. ECF No. 13 at 4-6; ECF No. 14 at 4-5.

Count Two of the Amended Complaint alleges that "Judge Vander Dussen, an agent of [the County] and of . . . AOC and in her capacity as a Magistrate Judge, detained Petitioner based on a baseless assumption of Petitioner's status as an absconder." Id. ¶ 22. It alleges that "Judge Vander Dussen did so without hearing or receiving evidence of Petitioner's status as an absconder." Id. ¶ 23. It alleges that Plaintiff "was detained after being deprived of his due process rights under to [sic] the 5th and 14th amendments of the United States Constitution and Art. II Sec. 18 of the New Mexico Constitution." Id. ¶ 24.

Count Three of the Amended Complaint, titled "Respondeat Superior," alleges that Judge Vander Dussen "is an agent of [the County] and of . . . AOC, and she was acting within her scope as such on November 15, 2022 when she detained [Plaintiff]. Accordingly, . . . Curry County and AOC are liable for the actions of its agent, . . . Judge Vander Dussen." ECF No. 10 ¶¶ 26, 27.

Thus, the Court construes Count Three as alleging that the County and AOC are vicariously liable for the false imprisonment alleged against Judge Vander Dussen in Count One. See id. ¶¶ 16-20.

The County moves to dismiss Counts Two and Three because the Amended Complaint does not plausibly allege that Judge Vander Dussen "is a County employee, that the County has any supervisory authority over her, that the County has the ability to take any disciplinary action against this elected official based on her rulings, or giv[e] any other indicia of agency."[3] ECF No. 13 at 5-6. It further argues that even if Judge Vander Dussen was an agent of the County, "federal law does not recognize respondeat superior liability for alleged constitutional violations by an agent or employee[,]" id. at 4 (citing Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978)), and the Amended Complaint does not allege a municipal liability theory, id. at 4-5. The County does not separately argue that Count Two fails to state a claim for a due process violation under Article II, Section 18 of the New Mexico Constitution.

The AOC moves to dismiss Count Two because the Amended Complaint fails to plausibly allege that Judge Vander Dussen was an agent of the AOC, ECF No. 14 at 3-4, and even if it had, "[i]t is well-established that governmental entities 'cannot be held liable solely on the basis of the existence of an employer-employee relationship with an alleged tortfeasor[,]'" id. at 4 (quoting Gallegos v. Bernalillo Cnty. Bd. of Cnty. Comm'rs, 278 F. Supp. 3d 1245, 1263 (D.N.M. 2017)).[4] The AOC further argues that Plaintiff's state law claims should be dismissed because they are

---

[3] As a factual matter, the County argues that "it would be virtually impossible to credibly or ethically make such factual allegations, as the law is clear that Judge Vander Dussen, as a municipal court judge, is an employee of the State of New Mexico, not Curry County." Id. (citing N.M. Stat. Ann § 35-1-1).

[4] As a factual matter, the AOC argues that it does not "exercise 'authority' over any court in New Mexico, despite Plaintiff's wholly conclusory allegations to the contrary." Id. (citing N.M. Stat. Ann. § 34-9-1). Rather, "Magistrate courts, like the AOC itself, 'operate under the direction and control of the supreme court and the district court of the judicial district in which the Court is located.'" Id. (citing N.M. Stat. Ann. §§ 34-9-3; 35-7-1).

7

premised upon the AOC's alleged vicarious liability for the actions of Judge Vander Dussen, and the Amended Complaint fails to state a claim against Judge Vander Dussen for the reasons stated in Judge Vander Dussen's Motion for Judgment on the Pleadings, ECF No. 7[5]—and specifically, because Judge Vander Dussen is entitled to absolute judicial immunity, and in any event, Plaintiff's factual allegations do not give rise to an actionable claim. Id. at 4-5. The AOC asserts that "New Mexico's Court of Appeals has specifically found, on at least one prior occasion, that the AOC itself was entitled to judicial immunity where the claims asserted against it arose 'from the same alleged functions' as those for which the individual defendants were being sued." Id. at 5 (citing Hunnicutt v. Sewell, 219 P.3d 529, 533 (N.M. Ct. App. 2009)). The AOC further argues that even if it is not entitled to judicial immunity for the state law claims, it is entitled to governmental immunity under the New Mexico Tort Claims Act ("NMTCA"). Id.

In his Response to the AOC's Motion, Plaintiff argues that he has sufficiently alleged that the AOC exercises immediate supervisory authority over Judge Vander Dussen. ECF No. 26 at 1-2. He further argues that "[t]he Tenth Circuit has recognized that non-supervisory defendants may be liable if they knew or reasonably should have known that their conduct would lead to the deprivation of a plaintiff's constitution [sic] rights." Id. at 2 (quoting Gallegos, 278 F. Supp. 3d at 1263). He argues that the AOC did not properly supervise Judge Vander Dussen, and it should have known that its conduct would lead to the deprivation of Plaintiff's constitutional rights. Id. He further argues that his state law claims are viable because the waiver of immunity found in

---

[5] After Judge Vander Dussen filed her Motion for Judgment on the Pleadings, ECF No. 7, Plaintiff filed his Amended Complaint, ECF No. 10. Consequently, the Court denied the Motion for Judgment on the Pleadings as moot. ECF No. 23. Judge Vander Dussen subsequently filed a renewed Motion for Judgment on the Pleadings, ECF No. 16, which the Court denied without prejudice as premature because the pleadings were not closed for purposes of a Rule 12(c) motion, ECF No. 24.

Section 41-4-12—which applies to certain conduct by "law enforcement officers"—applies to Judge Vander Dussen. Id. at 3.

### A. Count Two

Count Two alleges due process violations under the Fifth and Fourteenth Amendments to the U.S. Constitution and Article II, Section 18 of the New Mexico Constitution. ECF No. 10 ¶¶ 21-24.

#### 1. U.S. Constitution

Although Count Two alleges due process violations under the Fifth and Fourteenth Amendment to the U.S. Constitution, "[t]he Due Process Clause of the Fifth Amendment applies only to action by the federal government while the Due Process Clause of the Fourteen Amendment applies to actions by state governments." Koessel v. Sublette Cnty. Sheriff's Dep't, 717 F.3d 736, 748 n.2 (10th Cir. 2013). Here, Plaintiff alleges conduct only by state actors and entities; therefore, there is no Fifth Amendment claim. Id.

The Fourteenth Amendment to the United States Constitution provides, in relevant part: "No State shall . . . deprive any person of life, liberty, or property, without due process of law[.]" Fourteenth Amendment violations may be remedied through 42 U.S.C. § 1983, "which provides a cause of action against state officials who violate constitutional or other federally protected rights." Pahls v. Thomas, 718 F.3d 1210, 1225 (10th Cir. 2013) (citing Filarsky v. Delia, 566 U.S. 377, 383 (2012)).

##### a. The County

It is well-established that "a municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." Monell, 436 U.S. at 691. Rather, in order to state a claim for municipal liability

9

under § 1983 for the actions of a municipal employee, a party must allege sufficient facts to demonstrate that it is plausible "(1) that a municipal employee committed a constitutional violation; and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation." Jiron v. City of Lakewood, 392 F.3d 410, 419 (10th Cir. 2004). See also Waller v. City & Cnty. of Denver, 932 F.3d 1277, 1283-84 (10th 2019).

Here, the Amended Complaint fails to plausibly allege either of these elements. First, the Amended Complaint's conclusory assertion that Judge Vander Dussen was "an agent of" the County is not entitled to the assumption of truth at the motion to dismiss stage. See Hurley v. Wayne Cnty. Bd. of Educ., CIVIL ACTION NO. 3:16-9949, 2017 WL 2454325, at *6 (S.D. W. Va. June 6, 2017) (observing that "[a]n agency relationship is a legal definition that applies to certain relationships based on particular facts" and that alleging an agency relationship "without alleging supporting facts is a bare legal conclusion that is not entitled to the presumption of truth that is ordinarily due to well-pleaded factual allegations") (citing Iqbal, 556 U.S. at 678); see also Doe v. Uber Techs., Inc., CIVIL NO. JKB-20-0370, 2021 WL 2382837, at *3 n.4 (D. Md. June 9, 2021) (finding that "the allegation of actual agency is a legal conclusion unsupported by the factual pleadings"). And the Amended Complaint contains no other well-pled allegations giving rise to the plausible inference that Judge Vander Dussen was an agent of the County.

Second, even assuming arguendo that Judge Vander Dussen was an agent of the County, the Amended Complaint wholly fails to allege that a municipal (or County) policy or custom was the moving force behind the constitutional deprivation. Consequently, Count Two fails to state a 42 U.S.C. § 1983 claim against the County upon which relief can be granted. See Beedle v. Wilson, 422 F.3d 1059, 1074 (10th Cir. 2005) (affirming Rule 12(b)(6) dismissal of Section 1983

claim where plaintiff failed to identify a municipal policy or custom that caused the plaintiff's injury).

### b. The AOC

"[I]n a § 1983 lawsuit, '[s]upervisory liability 'allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, [or] implements . . . a policy . . . which subjects, or causes to be subjected that plaintiff to the deprivation of any rights . . . secured by the Constitution.'" Cox. v. Glanz, 800 F.3d 1231, 1248 (10th Cir. 2015) (quoting Brown v. Montoya, 662 F.3d 1152, 1163-64 (10th Cir. 2011) (quoting Dodds v. Richardson, 614 F.3d 1185, 1199 (10th Cir. 2010))). "This does not equate to 'liability under a theory of respondeat superior.'" Id. (quoting Brown, 662 F.3d at 1164). "A plaintiff arguing for the imposition of supervisory liability 'therefore must show an "affirmative link" between the supervisor and the constitutional violation.'" Id. (quoting Estate of Booker v. Gomez, 745 F.3d 405, 435 (10th Cir. 2014) (quoting Schneider v. City of Grand Junction Police Dep't, 717 F.3d 760, 767 (10th Cir. 2013))).

"The requisite showing of an 'affirmative link' between a supervisor and the alleged constitutional injury has '[come] to have three related prongs: (1) personal involvement, (2) sufficient causal connection, and (3) culpable state of mind.'" Id. (quoting Dodds, 614 F.3d at 1195). The plaintiff is required "to demonstrate 'that each defendant acted with the constitutionally requisite state of mind' by 'identify[ing] . . . specific policies over which particular defendants possessed supervisory responsibility[] that violated their clearly established constitutional rights.'" Id. (quoting Pahls, 718 F.3d at 1228).

The Court finds that the Amended Complaint fails to allege a Section 1983 supervisory liability claim against the AOC. The Amended Complaint does not allege that the AOC "(1) . . . promulgated, created, implemented or possessed responsibility for the continued operation of a

policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." Brown, 662 F.3d at 1164. It merely alleges that Judge Vander Dussen was "an agent of . . . AOC." ECF No. 10 ¶ 22. That is simply not enough to state a claim for supervisory liability under Section 1983. See id. ("Section 1983 does not authorize liability under a theory of respondeat superior.") (citing Monell, 436 U.S. at 691). Consequently, Count Two fails to state a claim under 42 U.S.C. § 1983 against the County upon which relief can be granted.

### 2. New Mexico Constitution

Count Two also alleges a due process violation under Article II, Section 18 of the New Mexico Constitution, ECF No. 10 ¶¶ 21-24, which states, in relevant part: "No person shall be deprived of life, liberty or property without due process of law[.]"

"A plaintiff . . . may not sue a governmental entity or its employees for a damage claim arising out of violations of rights under the New Mexico Constitution unless the NMTCA contains a waiver of immunity." Williams v. Bd. of Regents of Univ. of N.M., 20 F. Supp. 3d 1177, 1186 (D.N.M. 2014) (citing Chavez-Rodriguez v. City of Santa Fe, No. CIV 07–633 JB/DJS, 2008 WL 5992269, at *6-7 (D.N.M. Oct. 17, 2008); Barreras v. N.M. Corrs. Dep't, 62 P.3d 770, 776 (N.M. Ct. App. 2002) ("In the absence of affirmative legislation, the courts of this state have consistently declined to permit individuals to bring private lawsuits to enforce rights guaranteed by the New Mexico Constitution, based on the absence of an express waiver of immunity under the Tort Claims Act."); Chavez v. City of Albuquerque, 952 P.2d 474, 477 (N.M. Ct. App. 1997) ("Plaintiff may not seek damages from the City for violation of state constitutional rights unless immunity is waived under the Tort Claims Act[.]"); Rubio v. Carlsbad Mun. Sch. Dist., 744 P.2d 919, 922 (N.M. Ct. App. 1987); Begay v. New Mexico, 723 P.2d 252, 255 (N.M. Ct. App. 1985)). "Thus,

if no specific waiver can be found in the NMTCA, a plaintiff's complaint against the governmental entity or its employees must be dismissed." Id. (citing Begay, 723 P.2d at 255). See also N.M. Stat. Ann. § 41-4-4 ("A governmental entity and any public employee while acting within the scope of duty are granted immunity from liability for any tort except as waived by the New Mexico Religious Freedom Restoration Act and by Sections 41-4-5 through 41-4-12 NMSA 1978.").

Plaintiff argues in his Response to the AOC's Motion that the waiver contained in Section 41-4-12 applies. ECF No. 26 at 2-3. That section waives immunity to liability for, inter alia, "personal injury, bodily injury, wrongful death or property damage resulting from . . . false imprisonment . . . or any other deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States or New Mexico when caused by law enforcement officers while acting within the scope of their duties." N.M. Stat. § 41-4-12. "For purposes of this section, 'law enforcement officer' means a public officer or employee vested by law with the power to maintain order, to make arrests for crime or to detain persons suspected of or convicted of committing a crime, whether that duty extends to all crimes or is limited to specific crimes." Id. "In order to state a tort claim under Section 41-4-12, a plaintiff must allege that (1) they have suffered a type of injury set forth in the section, i.e., personal injury, bodily injury, wrongful death, or property damage, and (2) that the injury arose out of a tort enumerated in this section or a deprivation of a right secured by law." Han-Noggle v. City of Albuquerque, No. A-1-CA-35989, 2019 WL 5096073, at *4 (N.M. Ct. App. Sept. 10, 2019) (citation omitted).

Plaintiff argues that this waiver applies because Judge Vander Dussen is a "law enforcement officer." ECF No. 26 at 2-3. Unsurprisingly, he fails to cite any authority holding that a judge is a law enforcement officer for purposes of Section 41-4-12, ECF No. 26 at 2-3, and the Court has found none. Nothing in Section 41-4-12 or the case law interpreting it suggests that

13

the legislature intended to waive a judge's sovereign immunity. Therefore, the Court finds that Judge Vander Dussen is not a "law enforcement officer" for purposes of Section 41-4-12. Cf. Coyazo v. New Mexico, 897 P.2d 234, 236 (N.M. Ct. App. 1995) (finding that district attorneys in their prosecutorial role are not "law enforcement officers" subject to the waiver of immunity in Section 41-4-12). For this reason alone, the waiver of immunity contained in Section 41-4-12 is inapplicable to Judge Vander Dussen.

However, even if Judge Vander Dussen was a law enforcement officer for purposes of Section 41-4-12, the Amended Complaint does not allege that Plaintiff suffered "personal injury, bodily injury, wrongful death or property damage" as a result of the alleged false imprisonment. For this additional reason, the waiver of immunity contained in Section 41-4-12 is inapplicable to Judge Vander Dussen. See Han-Noggle, 2019 WL 5096073, at *4 ("In order to state a tort claim under Section 41-4-12, a plaintiff must allege that . . . they have suffered . . . personal injury, bodily injury, wrongful death, or property damage . . . .").

Because no specific waiver of immunity applies, Count Two must be dismissed for lack of subject matter jurisdiction to the extent it alleges a claim under Article II, Section 18 of the New Mexico Constitution against the AOC and the County.[6] See Dimas v. Pecos Indep. Sch. Dist. Bd. of Educ., No. 1:21-cv-00978-KWR-JFR, 2022 WL 816501, at *7 (D.N.M. Mar. 17, 2022) (dismissing the plaintiff's claim under Article II, Section 18 of the New Mexico Constitution because no specific waiver of immunity applied under the NMTCA); see also Rivero v. Bd. of Regents of Univ. of N.M., CV 16-318 WPL/SCY, 2016 WL 11641350, at *7 (D.N.M. Aug. 30,

---

[6] Of course, because Judge Vander Dussen is herself entitled to immunity, Count Two is subject to dismissal to the extent it alleges a claim under the New Mexico Constitution against her. However, because Judge Vander Dussen has not moved to dismiss Count Two (instead opting to wait to move for judgment on the pleadings), the Court does not currently reach that conclusion on the merits.

2016) (dismissing complaint for lack of jurisdiction under Rule 12(b)(1) because "even assuming all of the allegations in the Complaint are true, UNM is still entitled to . . . immunity" and "[i]n the Tenth Circuit, UNM's immunity divests this Court of subject matter jurisdiction").

### B.  Count Three

Count Three of the Amended Complaint, titled "Respondeat Superior," alleges that Judge Vander Dussen "is an agent of . . . County of Curry and of . . . AOC, and she was acting within her scope as such on November 15, 2022 when she detained [Plaintiff].  Accordingly, . . . Curry County and AOC are liable for the actions of its agent, . . . Judge Vander Dussen."  ECF No. 10 ¶¶ 26, 27.

"Under basic respondeat superior principles, an employer is liable for an employee's torts committed within the scope of his or her employment."  Ocana v. Am. Furniture Co., 91 P.3d 58, 70 (N.M. 2004) (citation omitted).  "[U]nder these principles, an employer is not generally liable for an employee's intentional torts because an employee who intentionally injures another individual is generally considered to be acting outside the scope of his or her employment."  Id. at 70-71 (citation omitted).  However, "[a]n employer may be liable under the doctrine of respondeat superior for an intentional tort committed by its employee if the wrongful acts are committed in the course and scope of his or her employment."  Los Ranchitos v. Tierra Grande, Inc., 861 P.2d 263, 267 (N.M. Ct. App. 1993) (citation omitted).

> To name a particular entity in an action under the Tort Claims Act requires two things: (1) a [tortfeasor] public employee who meets one of the waiver exceptions under Sections 41–4–5 to –12; and (2) an entity that has immediate supervisory responsibilities over the employee. If a public employee meets an exception to immunity, then the particular entity that supervises the employee can be named as a defendant in an action under the Tort Claims Act. If the city or state directly supervises the employee, then the city or state can be named.

Silva v. New Mexico, 745 P.2d 380, 385 (N.M. 1987) (quoting Abalos v. Bernalillo Cnty. Dist. Att'ys Off., 734 P.2d 794, 799 (N.M. Ct. App. 1987)).

The Court finds that Count Three must be dismissed for at least three reasons. First, New Mexico has not waived Judge Vander Dussen's sovereign immunity. See Section III(A)(2), supra. Therefore, Count Three must be dismissed for lack of subject matter jurisdiction. See Rivero, 2016 WL 11641350, at *7.

Second, even assuming arguendo that New Mexico has waived Judge Vander Dussen's sovereign immunity, the Amended Complaint fails to plausibly allege that the County or AOC had immediate supervisory responsibilities over Judge Vander Dussen. As previously stated, the Amended Complaint's conclusory assertion that Judge Vander Dussen was "an agent of" the County and AOC is not entitled to the assumption of truth at the motion to dismiss stage. See Hurley, 2017 WL 2454325, at *6 (observing that "[a]n agency relationship is a legal definition that applies to certain relationships based on particular facts" and that alleging an agency relationship "without alleging supporting facts is a bare legal conclusion that is not entitled to the presumption of truth that is ordinarily due to well-pleaded factual allegations") (citing Iqbal, 556 U.S. at 678); see also Doe, 2021 WL 2382837, at *3 n.4 (finding that "the allegation of actual agency is a legal conclusion unsupported by the factual pleadings"). And the Amended Complaint contains no other well-pled allegations giving rise to the plausible inference that the County and/or AOC had immediate supervisory authority over Judge Vander Dussen.

Third, even if New Mexico has waived Judge Vander Dussen's sovereign immunity and the County and/or the AOC had immediate supervisory authority over Judge Vander Dussen, Count Three is still subject to dismissal because Judge Vander Dussen is entitled to absolute judicial immunity, and therefore there is no underlying liability on which to impose respondeat

16

superior liability. "Judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly."[7] Stump v. Sparkman, 435 U.S. 349, 355-56 (1978). Indeed, "[a] judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." Id. at 359.

Judicial immunity is overcome in only two circumstances. "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity." Mierles v. Waco, 502 U.S. 9, 11 (1991) (citations omitted). "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Id. (citations omitted).

> A distinction must be here observed between excess of jurisdiction and the clear absence of all jurisdiction over the subject-matter. Where there is clearly no jurisdiction over the subject-matter any authority exercised is a usurped authority, and for the exercise of such authority, when the want of jurisdiction is known to the judge, no excuse is permissible. But where jurisdiction over the subject-matter is invested by law in the judge, or in the court which he holds, the manner and extent in which the jurisdiction shall be exercised are generally as much questions for his determination as any other questions involved in the case, although upon the correctness of his determination in these particulars the validity of his judgments may depend.

Stump, 435 U.S. at 356 n.6 (quoting Bradley v. Fisher, 80 U.S. 335, 351-52 (1871)). The Supreme Court illustrated this distinction with the following example:

> [I]f a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.

---

[7] Similarly, in New Mexico, judges have absolute judicial immunity "from liability for their actions taken in performance of their roles as integral parts of the judicial process." Hunnicutt v. Sewell, 219 P.3d 529, 533 (N.M. Ct. App. 2009) (quoting Collins ex rel. Collins v. Tabet, 806 P.2d 40, 45 (N.M. 1991)). To determine whether a defendant enjoys absolute judicial immunity, the Court applies "a functional test to determine whether the acts alleged by Plaintiff were judicial functions." Id. (citing Collins, 806 P.2d at 45).

Id. at 357 n.7.

Here, the Court finds that the first exception to judicial immunity does not apply because sentencing Plaintiff for a probation violation is clearly a judicial action (and the Amended Complaint does not plausibly allege otherwise). Phagan v. Webber, C/A No. 8:18-564-TMC-JDA, 2018 WL 4573098, at *6 (D.S.C. Mar. 8, 2018) (finding that "judicial immunity squarely applies" because the plaintiff's allegation that a judge "wrongfully entered a sentence against him at a probation violation hearing . . . relates to a judicial action"); Schiff v. Dorsey, 877 F. Supp. 73, 76 (D. Conn. 1994) (finding judicial immunity applied because the actions taken by the judge during probation revocation proceedings "clearly fall within a judge's 'judicial capacity'").

The Court further finds that the second exception to judicial immunity does not apply because Judge Vander Dussen did not act in the clear absence of all jurisdiction (and the Amended Complaint does not plausibly allege otherwise). As a judge of the Magistrate Court, Judge Vander Dusen clearly had subject matter jurisdiction over Plaintiff's misdemeanor case. See New Mexico v. Southworth, 52 P.3d 987, 998 (N.M. Ct. App. 2002) (observing that "both the district court and the magistrate court possess original, concurrent jurisdiction over misdemeanor cases"). As the sentencing judge in Plaintiff's misdemeanor case, Judge Vander Dussen clearly had subject matter jurisdiction over the alleged violation of his probation. See generally N.M. Stat. Ann. § 31-21-15. As such, Judge Vander Dussen did not act in the clear absence of all jurisdiction.

At worst, Judge Vander Dussen revoked Plaintiff's probation in excess of her jurisdiction because "[a] court generally loses jurisdiction to revoke probation when the term of probation expires, even when the probation violation took place during the term of probation and a motion

to revoke probation was filed prior to the expiration of the probationary term."[8]  New Mexico v. Sosa, 335 P.3d 764, 767 (N.M. Ct. App. 2014) (citing New Mexico v. Ordunez, 283 P.3d 282, 284 (N.M. 2012)).  Because a judge enjoys absolute judicial immunity even when she acts in excess of her jurisdiction, Stump, 435 U.S. at 355-56, Count One fails to state a claim upon which relief can be granted.  Mierles, 502 U.S. at 11 ("[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages.") (citation omitted); see also Walker v. New Mexico, Civ. No. 15-295 KK/SCY, 2015 WL 13651131, at *4 (D.N.M. Sept. 21, 2015) (finding that judicial immunity applied because the defendants "acted within, or at most in excess of, the jurisdiction that the Second Judicial District Court duly delegated to them, and certainly not in the complete absence of all jurisdiction"); Tays v. Cnty. of Dona Ana, No. 33,131, 2014 WL 4294501, at *1 (N.M. Ct. App. 2014) (holding that the trial court properly dismissed on the basis of judicial immunity a complaint for damages against the State of New Mexico alleging that a judge improperly incarcerated the plaintiff).  And because there is no underlying tort liability, there is no respondeat superior liability.  Lymon v. Aramark Corp., 728 F. Supp. 2d 1222, 1271 (D.N.M. 2010) (dismissing respondeat superior claims because there was no underlying tort liability).  For these reasons, Count Three must be dismissed for failure to state a claim.  See id.

---

[8] However, "[u]nder Section 31–21–15(C), a court may effectively toll the probationary term for the time a probationer is found to be a fugitive from justice. A probationer is a fugitive when the State can prove either that it unsuccessfully attempted to serve a warrant on the probationer, or any such attempt would have been futile." Sosa, 335 P.3d at 767 (citing New Mexico v. Jiminez, 90 P.3d 461, 464 (N.M. 2004)).  Thus, "a district court retains jurisdiction for the purpose of applying Section 31–21–15(C) when a fugitive probationer is arrested and brought before the court after the expiration of the original term of probation."  Id. (citing New Mexico v. Apache, 720 P.2d 709, 711 (N.M. 1986)).

Although the Amended Complaint does not explicitly allege that Judge Vander Dussen applied Section 31-21-15(C) to toll Plaintiff's probationary term, Paragraph 14 appears to suggest that she did so without any evidentiary basis.  ECF No. 10 ¶ 14 ("During the November 15th hearing, Respondent Judge Vander Dussen took no testimony on the probation violations, and heard no facts necessary to establish Petitioner's absconder status – i.e. facts regarding the issuance of a warrant or any attempts to serve such warrant.").

IV.     **Conclusion**

Therefore, it is **HEREBY ORDERED** that:

1. Defendant Board of County Commissioners of the County of Curry's Motion to Dismiss, ECF No. 13, is **GRANTED**;

2. Defendant Administrative Office of the Court's Motion to Dismiss Plaintiff's First Amended Complaint, ECF No. 14, is **GRANTED**;

3. Count Two is **DISMISSED** without prejudice as to the County and AOC;

4. Count Three is **DISMISSED** without prejudice; and

5. Plaintiff shall have **TEN DAYS** from the date of this Order to **SHOW CAUSE** why the remaining claims against Judge Vander Dussen should not be dismissed for the reasons identified in this Order, and particularly on grounds of sovereign immunity and/or absolute judicial immunity.

*Margaret Strickland*
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE