IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PAUL ARAGON,

    Plaintiff,

v.

JANEMARIE VANDER DUSSEN,
CURRY COUNTY, and
ADMINISTRATIVE OFFICE OF
THE COURTS,

    Defendants.

Case 2:23-cv-00674-MIS-KRS

## ORDER DISMISSING CASE

THIS MATTER is before the Court on Plaintiff Paul Aragon's Response to the Court's Order to Show Cause, ECF No. 33, and Defendant Janemarie Vander Dussen's Reply thereto, ECF No. 35. Upon due consideration of the Parties' submissions, the record, and the relevant law, the Court will **DISMISS** the claims against Judge Vander Dussen and close the case.

### I.    Background[1]

On January 19, 2021, Plaintiff pled guilty to a misdemeanor charge before Defendant Janemarie Vander Dussen, who is the Division One Magistrate Court Judge of Curry County, New Mexico. ECF No. 10 ¶¶ 2, 7. Judge Vander Dussen sentenced Plaintiff to 364 days of supervised probation, beginning January 19, 2021. Id. ¶ 8.

---

[1] The Court accepts the truth of all well-pleaded factual allegations in Plaintiff's Amended Complaint and draws all reasonable inferences in Plaintiff's favor.

Plaintiff apparently violated the terms of his probation, and on May 28, 2021, the court issued a bench warrant for Plaintiff's arrest. Id. ¶ 9. On October 28, 2022, the warrant was served on Plaintiff, and he was held without bond. Id. ¶ 10.

Prior to the probation violation hearing, Plaintiff's attorney and Plaintiff's probation officer reached an agreement that Plaintiff would be unsatisfactorily discharged from probation and released from custody. Id. ¶ 12. At the November 15, 2022, probation violation hearing, Judge Vander Dussen "refused to honor this agreement and did not discharge" Plaintiff. Id. ¶ 13. Judge Vander Dussen "took no testimony on the probation violations, and heard no facts necessary to establish Petitioner's absconder status – i.e. facts regarding the issuance of a warrant or any attempts to serve such warrant." Id. ¶ 14. Ultimately, Judge Vander Dussen sentenced Plaintiff to an additional 26 days of incarceration, but later modified it to 21 days. Id. ¶ 15. Plaintiff was released on December 6, 2022. Id.

On September 5, 2023, Plaintiff filed the operative First Amended Complaint against Judge Vander Dussen, the Board of County Commissioners of the County of Curry ("the County"), and the Administrative Office of the Court ("AOC"). ECF No. 10. Count One asserts a claim against Judge Vander Dussen for false imprisonment. Id. ¶¶ 16-20. Count Two alleges that Judge Vander Dussen incarcerated Plaintiff without due process in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution, and Article II, Section 18 of the New Mexico Constitution, and that the County and the AOC are subject to supervisory liability for those violations. Id. ¶¶ 21-24. Count Three alleges a claim for "Respondeat Superior" against the County and the AOC. Id. ¶¶ 25-28.

On September 19, 2023, the County and the AOC filed separate Motions to Dismiss pursuant to Rule 12(b)(6). ECF Nos. 13, 14. The same date, Judge Vander Dussen filed an Answer

which raises the affirmative defenses of absolute judicial immunity and sovereign immunity. ECF No. 15 ¶¶ 16-17. Judge Vander Dussen also filed a Motion for Judgment on the Pleadings. ECF No. 16. On September 26, 2023, the Court issued an Order denying without prejudice Judge Vander Dussen's Motion for Judgment on the Pleadings, finding that because the County and the AOC had not yet filed an Answer to the Amended Complaint, the pleadings were not closed for purposes of Rule 12(c), and therefore the Motion for Judgment on the Pleadings was premature. ECF No. 24.

On November 8, 2023, the Court issued an Order granting the County's Motion to Dismiss, granting the AOC's Motion to Dismiss, and ordering Plaintiff to show cause why the claims against Judge Vander Dussen should not be dismissed. ECF No. 32. The Court's Order made two findings relevant here.

First, the Court found that the State of New Mexico has not waived Judge Vander Dussen's sovereign immunity, and therefore the Court lacks subject matter jurisdiction over Count Two to the extent it alleges a violation of the New Mexico Constitution against the County and the AOC. Id. at 13-14. Specifically, the Court rejected Plaintiff's argument that Judge Vander Dussen is a "law enforcement officer" for purposes of the waiver of immunity in N.M. Stat. Ann. § 41-4-12. Id. The Court further found that even if Judge Vander Dussen is a law enforcement officer for purposes of Section 41-4-12, the Amended Complaint does not allege that Plaintiff suffered "personal injury, bodily injury, wrongful death or property damage" as a result of the alleged false imprisonment. Id. at 14. Because no specific waiver of immunity applies, the Court dismissed Count Two as to the County and AOC for lack of subject matter jurisdiction. Id. at 14-15. In a footnote, the Court stated:

3

> Of course, because Judge Vander Dussen is herself entitled to immunity, Count Two is subject to dismissal to the extent it alleges a claim under the New Mexico Constitution against her. However, because Judge Vander Dussen has not moved to dismiss Count Two (instead opting to wait to move for judgment on the pleadings), the Court does not currently reach that conclusion on the merits.

Id. at 14 n.6.

Second, the Court found that Count Three fails to state a claim for respondeat superior liability against the County and the AOC because, inter alia, Judge Vander Dussen is entitled to sovereign immunity and absolute judicial immunity.[2] Id. at 16-19. The Court concluded that "because there is no underlying tort liability, there is no respondeat superior liability." Id. at 19 (citing Lymon v. Aramark Corp., 728 F. Supp. 2d 1222, 1271 (D.N.M. 2010)).

Consequently, the Court dismissed Count Two as to the County and the AOC, dismissed Count Three in toto, and provided Plaintiff ten days to show cause "why the remaining claims against Judge Vander Dussen should not be dismissed for the reasons identified in this Order, and particularly on grounds of sovereign immunity and/or absolute judicial immunity." Id. at 20.

On November 20, 2023, Plaintiff filed his Response to the Court's Order to Show Cause. ECF No. 33. On December 4, 2023, Judge Vander Dussen filed a Reply thereto. ECF No. 35.

## II. Legal Standards

### A. Rule 12(b)(1)

"The defense of sovereign immunity is jurisdictional in nature, depriving courts of subject-matter jurisdiction where applicable." Normandy Apartments, Ltd. v. U.S. Dep't of Hous. & Urban Dev., 554 F.3d 1290, 1295 (10th Cir. 2009). Therefore, the Court considers the sovereign immunity argument under Rule 12(b)(1). See Ruiz v. McDonnell, 299 F.3d 1173, 1180–82 (10th

---

[2] The Court further found that the Amended Complaint fails to plausibly allege that the County or the AOC had immediate supervisory responsibilities over Judge Vander Dussen.

4

Cir. 2002) (analyzing whether defendant was entitled to sovereign immunity under Rule 12(b)(1), but analyzing whether defendant constituted a "person" within the meaning of § 1983 under Rule 12(b)(6)); Davis v. California, No. 17-2125-JAR-JPO, 2017 WL 4758928, at *1 (D. Kan. Oct. 20, 2017) (construing Rule 12(b)(6) motion seeking dismissal based on sovereign immunity as a Rule 12(b)(1) motion); Hibben v. Okla. ex rel. Dep't of Veterans Affs., No. 16-cv-111-TLW, 2017 WL 1239146, at *4 (N.D. Okla. Mar. 31, 2017) (explaining that although defendants cited Rule 12(b)(6) in their motion, sovereign immunity is a "jurisdictional bar," and plaintiff's claim "should be dismissed regardless of whether it is based on Rule 12(b)(1) or Rule 12(b)(6)").

Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction "generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." Ruiz v. McDonnell, 299 F .3d 1173, 1180 (10th Cir. 2002). A facial attack "questions the sufficiency of the complaint," and when "reviewing a facial attack . . . a district court must accept the allegations in the complaint as true." Holt v. United States, 46 F.3d 1000, 1002 (10th Cir. 1995), abrogated on other grounds by Cent. Green Co. v. United States, 531 U.S. 425, 437 (2001).

### B. Rule 12(b)(6)

A defense of absolute judicial immunity is analyzed under Federal Rule of Civil Procedure 12(b)(6). See Guiden v. Morrow, 92 F. App'x 663, 666 n.10 (10th Cir. 2004) (citing Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999) for the principle that an "absolute immunity defense may be raised in [a] Rule 12(b)(6) motion if the allegations of the complaint disclose activities protected by absolute immunity").

> [A]s then-Judge Ketanji Brown Jackson has explained, "[a]lthough the doctrines of absolute judicial immunity and sovereign immunity both lead to the same result, these two grounds for dismissal have different bases under the federal rules,"

because "[s]overeign immunity strips the court of jurisdiction and thus renders dismissal appropriate under Rule 12(b)(1)," while "[b]y contrast, absolute judicial immunity is a non-jurisdictional bar to a claim asserted against a federal judge stemming from official judicial acts and is thus subject to dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted."

Wang v. Delphin-Rittmon, __ F. Supp. 3d __, 2023 WL 2624351, at *7 (D. Conn. 2023) (quoting Smith v. Scalia, 44 F. Supp. 3d 28, 40 n.10 (D.D.C. 2014), aff'd, 2015 WL 13710107 (D.C. Cir. 2015)). See also Rios v. Third Precinct Bay Shore, No. 08–CV–4641 (JFB)(ETB), 2009 WL 2601303, at *1 (E.D.N.Y. Aug. 20, 2009) ("Motions to dismiss on grounds of . . . absolute judicial immunity[] are properly analyzed under Rule 12(b)(6), rather than Rule 12(b)(1), of the Federal Rules of Civil Procedure.").

Pursuant to Rule 12(b)(6), a party may move for dismissal if a complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This pleading standard does not impose a probability requirement, but it demands "more than a sheer possibility that a defendant has acted unlawfully." Id. Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. Twombly, 550 U.S. at 555. Although the court must accept the truth of all properly alleged facts and draw all reasonable inferences in the plaintiff's favor, the plaintiff still "must nudge the claim across the line from conceivable or speculative to plausible." Brooks v. Mentor Worldwide LLC, 985 F.3d 1272, 1281 (10th Cir. 2021).

### III. Discussion

For the reasons that follow, the Court finds that (1) it lacks subject matter jurisdiction over Count One and Count Two to the extent it alleges a claim under the New Mexico Constitution

because Judge Vander Dussen is entitled to sovereign immunity as to those claims, and (2) even if Judge Vander Dussen is not entitled to sovereign immunity, Counts One and Two fail to state claims upon which relief can be granted because she is entitled to absolute judicial immunity.

### A. Count One: False Imprisonment

Count One of the Amended Complaint—titled "False Imprisonment"—alleges that on or about November 15, 2022, Judge Vander Dussen willfully detained Plaintiff without his consent and without authority of law. ECF No. 10 ¶¶ 16-19.

Judge Vander Dussen asserts that she is entitled to sovereign immunity and absolute judicial immunity. See ECF No. 15 ¶¶ 16-17; ECF No. 35 at 2-5.

Plaintiff argues that New Mexico has waived Judge Vander Dussen's sovereign immunity in N.M. Stat. § 41-4-12. ECF No. 33 at 1-3. He further argues that judicial immunity does not apply because Judge Vander Dussen incarcerated Plaintiff "in the complete absence of all jurisdiction." ECF No. 33 at 3.

#### 1. Sovereign immunity

The New Mexico Tort Claims Act ("NMTCA") "preserves sovereign immunity against tort claims for state governmental entities and public employees acting in the scope of their duties, except as specifically waived." Fernandez v. Mora-San Miguel Elec. Co-op., Inc., 462 F.3d 1244, 1250 (10th Cir. 2006) (citing N.M. Stat. Ann. § 41-4-4(A)).

Plaintiff argues that the waiver contained in Section 41-4-12 applies to Judge Vander Dussen. ECF No. 26 at 2-3. That section waives immunity to liability for, inter alia, "personal injury, bodily injury, wrongful death or property damage resulting from . . . false imprisonment . . . or any other deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States or New Mexico when caused by law enforcement officers while acting

7

within the scope of their duties." N.M. Stat. § 41-4-12. "For purposes of this section, 'law enforcement officer' means a public officer or employee vested by law with the power to maintain order, to make arrests for crime or to detain persons suspected of or convicted of committing a crime, whether that duty extends to all crimes or is limited to specific crimes." Id. "In order to state a tort claim under Section 41-4-12, a plaintiff must allege that (1) they have suffered a type of injury set forth in the section, i.e., personal injury, bodily injury, wrongful death, or property damage, and (2) that the injury arose out of a tort enumerated in this section or a deprivation of a right secured by law." Han-Noggle v. City of Albuquerque, No. A-1-CA-35989, 2019 WL 5096073, at *4 (N.M. Ct. App. Sept. 10, 2019) (citation omitted).

Plaintiff argues that this waiver applies because Judge Vander Dussen is a "law enforcement officer." ECF No. 33 at 1-3. Plaintiff acknowledges that there is no New Mexico case law on this specific issue. Id. at 1. However, he argues that the plain language of the statute requires a finding that Judge Vander Dussen is a law enforcement officer for purposes of Section 41-4-12 because she is a public officer or employee vested by law with the power to detain persons suspected of or convicted of committing a crime. Id. at 1-3.

Judge Vander Dussen argues that she is not a law enforcement officer. ECF No. 35 at 3. She argues that courts construe the NMTCA's definition of "law enforcement officer" strictly. Id. (citing Lebya v. City of Santa Fe, 198 F. Supp. 3d 1254, 1259 (D.N.M. 2016)). She argues that "[i]n determining whether an individual is a "law enforcement officer" courts examine whether the defendant's primary duties fit into any of the statutory criteria, id. (citing Fernandez, 462 F.3d at 1251); Anchondo v. Corrs. Dep't, 666 P.2d 1255, 1257 (N.M. 1983)), and "adhere to the concept of traditional law enforcement activities, which include preserving the public peace, preventing and quelling public disturbances and enforcing state laws, including but not limited to the power

8

to make arrests for violation of state laws[,]" id. (citing Anchondo, 666 P.2d at 1257). She further argues that even if a public employee "is authorized to exercise some of the traditional functions of law enforcement officers, he or she does not necessarily come under the NMTCA waiver provision." Id. at 4 (citing Montes v. Gallegos, 812 F. Supp. 1165, 1172 (D.N.M. 1992); Anchondo, 666 P.2d at 1257-58; Dunn v. McFeeley, 984 P.2d 760, 766-67 (N.M. Ct. App. 1999); Vigil v. Martinez, 832 P.2d 405, 408-12 (N.M. Ct. App. 1992)). In this regard, Judge Vander Dussen argues that "[a] judge and a law enforcement officer are separately established, with separate duties and responsibilities, that serve different societal goals." Id. at 5. Finally, Judge Vander Dussen argues that even if a judge could be considered a "law enforcement officer," Plaintiff's false imprisonment claim still fails because he failed to allege any "personal injury, bodily injury, wrongful death, or property damage." Id. at 5.

The Court need not decide whether judges are law enforcement officers for purposes of the waiver of immunity found in Section 41-4-12 because even assuming that they are, the Amended Complaint does not allege that Plaintiff suffered "personal injury, bodily injury, wrongful death or property damage" as a result of the alleged false imprisonment. Accordingly, the waiver of immunity contained in Section 41-4-12 is inapplicable to Judge Vander Dussen. See Han-Noggle, 2019 WL 5096073, at *4 ("In order to state a tort claim under Section 41-4-12, a plaintiff must allege that . . . they have suffered . . . personal injury, bodily injury, wrongful death, or property damage . . . ."). Because no specific waiver of immunity applies, Count One must be dismissed for lack of subject matter jurisdiction. See Quarrie v. N.M. Inst. of Mining and Tech., No. 13-cv-0349 MV/SMV, 2014 WL 11456598, at *2 (D.N.M. Feb. 25, 2014) ("Because New Mexico has not waived sovereign immunity for Plaintiff's state tort claims . . . the Court is without subject matter jurisdiction to hear the claims.").

However, even assuming arguendo that Judge Vander Dussen is not entitled to sovereign immunity, Count One must be dismissed for failure to state a claim because she is entitled to absolute judicial immunity.

## 2. Absolute judicial immunity

"Judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly."[3]  Stump v. Sparkman, 435 U.S. 349, 355-56 (1978).  Indeed, "[a] judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."  Id. at 359.

Judicial immunity is overcome in only two circumstances.  "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity." Mierles v. Waco, 502 U.S. 9, 11 (1991) (citations omitted).  "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction."  Id. (citations omitted).

> A distinction must be here observed between excess of jurisdiction and the clear absence of all jurisdiction over the subject-matter. Where there is clearly no jurisdiction over the subject-matter any authority exercised is a usurped authority, and for the exercise of such authority, when the want of jurisdiction is known to the judge, no excuse is permissible.  But where jurisdiction over the subject-matter is invested by law in the judge, or in the court which he holds, the manner and extent in which the jurisdiction shall be exercised are generally as much questions for his determination as any other questions involved in the case, although upon the correctness of his determination in these particulars the validity of his judgments may depend.

---

[3] Similarly, in New Mexico, judges have absolute judicial immunity "from liability for their actions taken in performance of their roles as integral parts of the judicial process."  Hunnicutt v. Sewell, 219 P.3d 529, 533 (N.M. Ct. App. 2009) (quoting Collins ex rel. Collins v. Tabet, 806 P.2d 40, 45 (N.M. 1991)).  To determine whether a defendant enjoys absolute judicial immunity, the Court applies "a functional test to determine whether the acts alleged by Plaintiff were judicial functions."  Id. (citing Collins, 806 P.2d at 45).

Stump, 435 U.S. at 356 n.6 (quoting Bradley v. Fisher, 80 U.S. 335, 351-52 (1871)).  The Supreme Court illustrated this distinction with the following example:

> [I]f a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.

Id. at 357 n.7.

Here, the Court finds that the first exception to judicial immunity does not apply because sentencing Plaintiff for a probation violation is clearly a judicial action (and the Amended Complaint does not plausibly allege otherwise).  Phagan v. Webber, C/A No. 8:18-564-TMC-JDA, 2018 WL 4573098, at *6 (D.S.C. Mar. 8, 2018) (finding that "judicial immunity squarely applies" because the plaintiff's allegation that a judge "wrongfully entered a sentence against him at a probation violation hearing . . . relates to a judicial action"); Schiff v. Dorsey, 877 F. Supp. 73, 76 (D. Conn. 1994) (finding judicial immunity applied because the actions taken by the judge during probation revocation proceedings "clearly fall within a judge's 'judicial capacity'").

The Court further finds that the second exception to judicial immunity does not apply because Judge Vander Dussen did not act in the clear absence of all jurisdiction (and the Amended Complaint does not plausibly allege otherwise).  As a judge of the Magistrate Court, Judge Vander Dussen clearly had subject matter jurisdiction over Plaintiff's misdemeanor case.  See New Mexico v. Southworth, 52 P.3d 987, 998 (N.M. Ct. App. 2002) (observing that "both the district court and the magistrate court possess original, concurrent jurisdiction over misdemeanor cases").  As the sentencing judge in Plaintiff's misdemeanor case, Judge Vander Dussen clearly had subject matter jurisdiction over the alleged violation of his probation.  See generally N.M. Stat. Ann. § 31-21-15.  As such, Judge Vander Dussen did not act in the clear absence of all jurisdiction.

At worst, Judge Vander Dussen revoked Plaintiff's probation in excess of her jurisdiction because "[a] court generally loses jurisdiction to revoke probation when the term of probation expires, even when the probation violation took place during the term of probation and a motion to revoke probation was filed prior to the expiration of the probationary term."[4]  New Mexico v. Sosa, 335 P.3d 764, 767 (N.M. Ct. App. 2014) (citing New Mexico v. Ordunez, 283 P.3d 282, 284 (N.M. 2012)).  Because a judge enjoys absolute judicial immunity even when she acts in excess of her jurisdiction, Stump, 435 U.S. at 355-56, Count One fails to state a claim upon which relief can be granted.  Mierles, 502 U.S. at 11 ("[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages.") (citation omitted); see also Walker v. New Mexico, Civ. No. 15-295 KK/SCY, 2015 WL 13651131, at *4 (D.N.M. Sept. 21, 2015) (finding that judicial immunity applied because the defendants "acted within, or at most in excess of, the jurisdiction that the Second Judicial District Court duly delegated to them, and certainly not in the complete absence of all jurisdiction"); Tays v. Cnty. of Dona Ana, No. 33,131, 2014 WL 4294501, at *1 (N.M. Ct. App. 2014) (holding that the trial court properly dismissed on the basis of judicial immunity a complaint for damages against the State of New Mexico alleging that a judge improperly incarcerated the plaintiff).  Thus, even assuming arguendo the Court has jurisdiction to consider Count One, it must be dismissed for failure to state a claim.

---

[4] However, "[u]nder Section 31–21–15(C), a court may effectively toll the probationary term for the time a probationer is found to be a fugitive from justice. A probationer is a fugitive when the State can prove either that it unsuccessfully attempted to serve a warrant on the probationer, or any such attempt would have been futile." New Mexico v. Sosa, 335 P.3d 764, 767 (N.M. Ct. App. 2014) (citing New Mexico v. Jiminez, 90 P.3d 461, 464 (N.M. 2004)). Thus, "a district court retains jurisdiction for the purpose of applying Section 31–21–15(C) when a fugitive probationer is arrested and brought before the court after the expiration of the original term of probation." Id. (citing New Mexico v. Apache, 720 P.2d 709, 711 (N.M. 1986)).
    In his Response to the Court's Order to Show Cause, Plaintiff argues that Judge Vander Dussen did not apply Section 31-21-15(C) or receive evidence pursuant to New Mexico v. Jiminez, and therefore she sentenced him without any jurisdictional authority. ECF No. 33 at 3. However, for the reasons explained above, the Court finds that, at worst, Judge Vander Dussen sentenced Plaintiff in excess of her jurisdiction, not in the absence of all jurisdiction.

### B. Count Two: Constitutional violations

Count Two of the Amended Complaint alleges that "Judge Vander Dussen, . . . in her capacity as a Magistrate Judge, detained Petitioner based on a baseless assumption of Petitioner's status as an absconder." Id. ¶ 22. It alleges that "Judge Vander Dussen did so without hearing or receiving evidence of Petitioner's status as an absconder." Id. ¶ 23. It alleges that Plaintiff "was detained after being deprived of his due process rights under to [sic] the 5th and 14th amendments of the United States Constitution and Art. II Sec. 18 of the New Mexico Constitution."[5] Id. ¶ 24.

Initially, the Court finds that to the extent Count Two alleges a claim under the New Mexico Constitution, Judge Vander Dussen is entitled to sovereign immunity.

"A plaintiff . . . may not sue a governmental entity or its employees for a damage claim arising out of violations of rights under the New Mexico Constitution unless the NMTCA contains a waiver of immunity." Williams v. Bd. of Regents of Univ. of N.M., 20 F. Supp. 3d 1177, 1186 (D.N.M. 2014) (citing Chavez-Rodriguez v. City of Santa Fe, No. CIV 07–633 JB/DJS, 2008 WL 5992269, at *6-7 (D.N.M. Oct. 17, 2008); Barreras v. N.M. Corrs. Dep't, 62 P.3d 770, 776 (N.M. Ct. App. 2002) ("In the absence of affirmative legislation, the courts of this state have consistently declined to permit individuals to bring private lawsuits to enforce rights guaranteed by the New Mexico Constitution, based on the absence of an express waiver of immunity under the Tort Claims

---

[5] Although Count Two alleges due process violations under the Fifth and Fourteenth Amendment to the U.S. Constitution, "[t]he Due Process Clause of the Fifth Amendment applies only to action by the federal government while the Due Process Clause of the Fourteen Amendment applies to actions by state governments." Koessel v. Sublette Cnty. Sheriff's Dep't, 717 F.3d 736, 748 n.2 (10th Cir. 2013). Here, Plaintiff alleges conduct only by state actors and entities; therefore, there is no Fifth Amendment claim. Id.

The Fourteenth Amendment to the United States Constitution provides, in relevant part: "No State shall . . . deprive any person of life, liberty, or property, without due process of law[.]" Fourteenth Amendment violations may be remedied through 42 U.S.C. § 1983, "which provides a cause of action against state officials who violate constitutional or other federally protected rights." Pahls v. Thomas, 718 F.3d 1210, 1225 (10th Cir. 2013) (citing Filarsky v. Delia, 566 U.S. 377, 383 (2012)).

Similarly, Article II, Section 18 of the New Mexico Constitution provides, in relevant part: "No person shall be deprived of life, liberty or property without due process of law[.]"

Act."); Chavez v. City of Albuquerque, 952 P.2d 474, 477 (N.M. Ct. App. 1997) ("Plaintiff may not seek damages from the City for violation of state constitutional rights unless immunity is waived under the Tort Claims Act[.]"); Rubio v. Carlsbad Mun. Sch. Dist., 744 P.2d 919, 922 (N.M. Ct. App. 1987); Begay v. New Mexico, 723 P.2d 252, 255 (N.M. Ct. App. 1985)). "Thus, if no specific waiver can be found in the NMTCA, a plaintiff's complaint against the governmental entity or its employees must be dismissed." Id. (citing Begay, 723 P.2d at 255). See also N.M. Stat. Ann. § 41-4-4 ("A governmental entity and any public employee while acting within the scope of duty are granted immunity from liability for any tort except as waived by the New Mexico Religious Freedom Restoration Act and by Sections 41-4-5 through 41-4-12 NMSA 1978.").

Because the Court has already found that no specific waiver of immunity applies to Judge Vander Dussen's alleged conduct, see Section III(A)(1), supra, Count Two must be dismissed for lack of subject matter jurisdiction to the extent it alleges a claim under Article II, Section 18 of the New Mexico Constitution. See Dimas v. Pecos Indep. Sch. Dist. Bd. of Educ., No. 1:21-cv-00978-KWR-JFR, 2022 WL 816501, at *7 (D.N.M. Mar. 17, 2022) (dismissing the plaintiff's claim under Article II, Section 18 of the New Mexico Constitution because no specific waiver of immunity applied under the NMTCA); see also Rivero v. Bd. of Regents of Univ. of N.M., CV 16-318 WPL/SCY, 2016 WL 11641350, at *7 (D.N.M. Aug. 30, 2016) (dismissing complaint for lack of jurisdiction under Rule 12(b)(1) because "even assuming all of the allegations in the Complaint are true, UNM is still entitled to . . . immunity" and "[i]n the Tenth Circuit, UNM's immunity divests this Court of subject matter jurisdiction").

Additionally and alternatively, because the Court has already found that Judge Vander Dussen is entitled to absolute judicial immunity for her alleged conduct, see Section III(A)(2),

supra, Count Two must be dismissed in its entirety for failure to state a claim up on which relief can be granted. See Walker, 2015 WL 13651131, at *4; Tays, 2014 WL 4294501, at *1.

### IV.     Conclusion

Because the Court has already dismissed the claims asserted against the other two Defendants, ECF No. 32, it is **HEREBY ORDERED** that:

1. The Amended Complaint, ECF No. 10, is **DISMISSED without prejudice**; and
2. This case is now **CLOSED**.

*[Signature: Margaret Strickland]*

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE